IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02637-RM-MJW

JAVIER JOVEL a/k/a DAVID JOVEL AGUILAR,

Plaintiff,

v.

D. BERKEBILE, Warden,
T. HALL, Assistant Warden,
F. CORDOVA, Chief Medical Staff, and
A. OSAGIE, Physician Assistant,

Defendants.

**ORDER ON
DEFENDANT'S MOTION TO STAY
(Docket No. 30)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No.

12) issued by Judge Raymond P. Moore on October 18, 2013.

Now before the court is Defendant's Motion to Stay (Docket No. 39).  The court

has taken judicial notice of the court's file, and has considered the applicable Federal

Rules of Civil Procedure and case law.  Furthermore, the court notes that it may rule on

a motion at any time after it is filed.  D.C.COLO.LCivR 7.1(d).  The court now being fully

informed makes the following findings of fact, conclusions of law, and order.

**I. Background**

Pro se incarcerated plaintiff Javier Jovel brings this matter pursuant to the Eighth

Amendment.  Defendants filed their Motion to Dismiss (Docket No. 38) on January 3,

2014.  Defendants assert plaintiff's claims should be dismissed based on qualified

immunity, absolute immunity, and failure to state a claim.  In the subject motion,

defendants request that all proceedings be stayed pending resolution of the motion to

dismiss.

## II. Analysis

The Supreme Court established that evaluating the defense of qualified immunity

is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery

should not be allowed."  Siegert v. Gilley, 500 U.S. 226, 233 (1991) (citing Harlow v.

Fitzgerald, 457 U.S. 800, 818 (1982)); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir.

1992) (same).  However, the defense of qualified immunity "is not a bar to all discovery."

Rome v. Romero, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain

circumstances when discovery is permissible despite an assertion of qualified immunity,

including cases alleging official-capacity claims, requests for injunctive (as opposed to

monetary) relief, and claims against entities, not individuals.  See Rome, 225 F.R.D. at

643.  Additionally, permitting discovery up until the point that qualified immunity is raised

may be appropriate, particularly when the defense is not advanced until the filing of a

motion for summary judgment.  Id. at 643-44.

As stated above, defendants raise qualified immunity as a defense in their

pending motion to dismiss.  The case is still in the early stages of litigation; defendants

responded to plaintiff's operative complaint with the pending motion to dismiss that

could fully dispose of plaintiff's claims before engaging in the discovery process.

A court has broad discretion to stay proceedings as incidental to its power to

control its own docket.  See Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing

3

Landis v. North American Co., 299 U.S. 248, 254 (1936)).  Legal questions regarding

the court's subject matter jurisdiction should be resolved as early as possible in the

litigation, before incurring the burdens of discovery.  See Behrens v. Pelletier, 516 U.S.

299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a

dispositive motion regarding immunity is pending); Albright v. Rodriguez, 51 F.3d

1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the

importance of resolving immunity questions at the earliest possible stage in litigation.'"

(citation omitted)).  Considering the early filing of the motion to dismiss premised on

qualified immunity, the court finds that the circumstances evaluated in Rome are

inapplicable to the case at hand.

When considering a stay of discovery, this court has considered the following

factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and

the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

convenience to the court; (4) the interests of persons not parties to the civil litigation;

and (5) the public interest. See String Cheese Incident v. Stylus Show, Inc., 02-cv-

01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

A balance of the above factors favors a stay in this matter.  Most significantly, the

court finds that the interest of plaintiff to proceed expeditiously is outweighed by the

burden on defendants of having to participate in discovery while a motion to dismiss on

jurisdictional grounds is pending.

Furthermore, while the court typically discourages stays of discovery, the court

acknowledges the efficiency and fairness of delaying the proceedings pending

resolution of a motion to dismiss that could resolve this matter in its entirety. See Harris

4

v. United States, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted).  "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).  Finally, the court finds that the convenience of the court, the interests of non-parties, and the public interest do not greatly favor one side.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Stay (Docket No. 39) is **GRANTED.**  This matter is **STAYED** pending resolution of the pending motion to dismiss (Docket No. 38). It is further

**ORDERED** that the Scheduling Conference set for January 16, 2014 at 1:30 p.m. is **VACATED**.

Date:  January 3, 2014                         s/ Michael J. Watanabe
          Denver, Colorado                     Michael J. Watanabe
                                                             United States Magistrate Judge