IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02637-RM-MJW

JAVIER JOVEL a/k/a DAVID JOVEL AGUILAR,

Plaintiff,

v.

D. BERKEBILE, Warden,
T. HALL, Assistant Warden,
F. CORDOVA, Chief Medical Staff, and
A. OSAGIE, Physician Assistant,

Defendants.

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
(Docket No. 38)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 12) issued by Judge Raymond P. Moore on October 18, 2013.

**PLAINTIFF'S ALLEGATIONS**

*Pro se* plaintiff Javier Jovel is a former federal inmate at ADX in Florence, Colorado. Plaintiff was released from federal custody on November 12, 2013. See Docket No. 27. He asserts the following in his Prisoner Complaint (Docket No. 1) filed on September 26, 2013. In March 2013, while still incarcerated, plaintiff noticed that the left side of his face was numb. He reported the numbness to defendant Osagie, but nothing was done. Soon thereafter, plaintiff began to feel pain in place of numbness.

By March 22, 2013, plaintiff was in severe pain. On March 28, 2013, plaintiff wrote to defendant Berkebile regarding his medical condition. On April 22, 2013,

2

plaintiff filed a second grievance. By this time plaintiff was losing vision in his left eye.

On July 20, 2013, plaintiff wrote to defendant Hall regarding his medical condition. On July 24, 2013,[1] defendant Cordova came to see plaintiff. By this time, plaintiff's left eye was discharging a white liquid and the left side of his face was swollen. Defendant Cordova said he would send someone to see plaintiff right away.

Plaintiff brings four claims for relief in his Prisoner Complaint (Docket No. 1), one claim for each defendant. Plaintiff alleges that defendants violated his Eighth Amendment rights as the result of deliberate indifference by ignoring plaintiff's efforts to obtain medical treatment.

**PENDING MOTION**

Now before the court for a report and recommendation is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 38) filed on January 3, 2014. The court has carefully considered the Prisoner Complaint (Docket No. 1), the subject motion (Docket No. 38), plaintiff's response (Docket No. 53), and defendants' reply (Docket No. 54). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co.,

---

[1] Plaintiff's Complaint (Docket No. 1) indicates April 24, 2013 for this date. However, from the chronology in the Complaint, it seems likely plaintiff meant July 24, 2013.

495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. See id. at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. See id.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe

4

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff was previously proceeding *pro se*, but if now represented by counsel.[2] The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues). The plaintiff's pro se status does not entitle him to application of different rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**ANALYSIS**

In the subject motion (Docket No. 38), defendants offer four arguments: (1)

---

[2] Counsel entered his appearance for plaintiff on February 18, 2014 (Docket No. 48). Accordingly, these standards are applicable to filings made by plaintiff before that time - most notably his Prisoner Complaint (Docket No. 1).

Defendant Cordova, as a Public Health Service official who was acting within the scope of his duties, is immune from individual liability; (2) plaintiff has failed to allege a deliberate indifference claim against defendants Berkebile, Hall, and Osagie; (3) plaintiff's claims should be dismissed against defendants because they are entitled to qualified immunity; and (4) any official capacity claims are barred by sovereign immunity.

**1. Immunity of Defendant Cordova**

Defendants argue that as a Public Health Service ("PHS") official who was acting within the scope of his duties, defendant Cordova is absolutely immune in his individual capacity. Accordingly, defendants argue the individual claims against him must be dismissed for lack of subject-matter jurisdiction.

Title 42 U.S.C. § 233(a) "makes the United States the exclusive Defendant for injuries that employees of the Public Health Service cause while acting within the scope of their employment." Lurch v. United States, 719 F.2d 333, 340 n.10 (10th Cir. 1983). See also Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000) ("Section 233(a) makes the Federal Tort Claims Act the exclusive remedy for specified actions against members of the Public Health Service."); Muhammad v. Sosa, 2008 WL 762253, at *2 (D. Colo. Mar. 19, 2008) (dismissing claims against the defendant after holding that as a commissioned officer with the Public Health Service, the defendant was immune to liability for claims arising under Bivens); Jones v. Berhane, 2007 WL 3054190, at *3 n.6 (D. Kan. Oct. 18, 2007) (holding that a federal inmate could not maintain a Bivens action against prison doctors or certified physicians' assistants for acts or omissions while performing their official duties if they were deemed to be employees of the Public Health

7

Service).

The Prisoner Complaint (Docket No. 1) does not allege any facts that would suggest that defendant Cordova is not a United States Public Health Service employee or was not acting within the scope of his employment.  Furthermore, in his affidavit (Docket No. 38-2), defendant Cordova states that he is an United States Public Health Service official and was acting within the scope of his employment during the relevant times.  In his response (Docket No. 53), plaintiff concedes that defendant Cordova is immune from suit.  Accordingly, the court finds that plaintiff's claims against defendant Cordova, in his individual capacity, are properly dismissed from this civil action because the Federal Tort Claims Act is the exclusive remedy.

**2. Failure to State a Claim**

Next, defendants argue plaintiff's claims against them should be dismissed for failure to state a claim.  Specifically, defendants argue plaintiff has failed to allege a deliberate indifference claim against defendants Osagie, Berkebile, and Hall because plaintiff has not alleged specific facts showing they consciously disregarded a known medical risk

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  In order to state an Eighth Amendment claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Self v. Crum, 439 F.3d 1227, 1230 (10th Cir.) (quotation omitted).  "A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment . . . .  The test for

8

constitutional liability of prison officials 'involves both an objective and a subjective component.'" Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). As the Tenth Circuit has explained:

> to properly set forth an Eighth Amendment claim on which relief may be granted, [the prisoner] must set forth facts demonstrating [1] that his alleged medical need . . . was sufficiently serious to meet the objective element of the deliberate indifference test, *and* [2] that the Defendants' delay in meeting that need caused him substantial harm. Finally, to meet the subjective element of the deliberate indifference test, [the prisoner] must allege facts supporting an inference [3] that Defendants knew about and disregarded a substantial risk of harm to his health or safety.

Oxendine v. Kaplan, 241 F.3d 1272, 1276-77 (10th Cir. 2001) (quotations omitted).

**a. Defendants Berkebile and Hall**

First, defendants argue plaintiff has failed to allege the required degree of personal participation by defendants Berkebile and Hall. Personal participation is an essential allegation in a civil rights action. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). "To establish Bivens liability, a plaintiff is required to bring forth evidence that an individual defendant directly and personally participated in the purported constitutional violation." Persaud v. Doe, 213 F. App'x 740, 743 (10th Cir. 2007) (citing Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003)). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). In Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011), the Tenth Circuit noted that in a civil rights case asserting claims against individual government actors, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to

whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations" against an entire group of defendants.

The liability of a supervisor in a civil rights action "requires allegations of personal direction or of actual knowledge and acquiescence." Langley v. Adams County, Colo., 987 F.2d 1473, 1481 (10th Cir.1 993) (quoting Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir.1 992)). Thus, there must be "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997) (quotation and brackets omitted).

Here, plaintiff alleges that he spoke to and wrote to defendant Hall regarding his medical condition. Docket No. 1, at 8. Plaintiff alleges that defendant Hall failed to follow "legal mandates" to obtain medical help for plaintiff. Id., at 11. Plaintiff further alleges that defendant Berkebile "ignored all pleas, letters, and institutional protocol to render medical aid." Id., at 10.

Plaintiff's allegations are, in essence, that defendants Berkebile and Hall were aware of his condition, but did nothing about it. Plaintiff fails to link defendants Berkebile and Hall's awareness of his medical condition to any delay or denial in treatment. In other words, plaintiff had not alleged the required *affirmative* link. Accordingly, the court finds plaintiff's allegations are insufficient to establish personal participation. See Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993); see also Doyle v. Cella, No. 07-cv-01126-WDM-KMT, 2008 WL 4490111, at *2 (D. Colo. Sept. 30, 2008) (bare allegation that defendant was "made aware" of constitutional

violations was insufficient to establish personal participation).

Second, defendants argue plaintiff failed to allege that defendants Berkebile and Hall acted with a sufficiently culpable state of mind. "The subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." Self v. Crum, 439 F.3d 1227, 1231 (10th Cir. 2006) (internal quotation marks omitted). As such, the subjective component is not satisfied "unless the [prison] official knows and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff makes no allegations that defendants Berkebile or Hall knew that plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it. Furthermore, plaintiff does not allege that defendants Berkebile or Hall knew of his specific symptoms or risk and chose to recklessly disregard them. Rather, plaintiff's allegations only relate to general duties and allegedly inadequate policies/procedures. Accordingly, the court finds plaintiff has failed to allege sufficient facts to establish the subjective component of an Eighth Amendment claim as against defendants Berkebile and Hall.

Because of the defects above related to personal participation and the subjective component, the court finds plaintiff has failed to state an Eighth Amendment claim for deliberate indifference to serious medical needs as against defendants Berkebile and Hall. Accordingly, those claims should be dismissed.

11

**b. Defendant Osagie**

Next, defendants argue plaintiff has failed to allege that defendant Osagie acted with a sufficiently culpable state of mind.

Plaintiff alleges that on March 16, 2013, the first day plaintiff noticed numbness in his face, he alerted defendant Osagie who refused to do anything and told plaintiff "the officers are busy." Docket No. 1, at 6. Plaintiff alleges that defendant Osagie later gave him pain killers and eye drops, but refused to do more. Id., at 13.

The court finds plaintiff has failed to allege sufficient facts to establish the subjective component of an Eighth Amendment claim as against defendant Osagie. Plaintiff has not allege sufficient facts to show defendant Osagie recklessly disregarded any risk to plaintiff. Plaintiff alleges defendant Osagie provided treatment, but plaintiff disagreed with that treatment and thought more should be done. This is plainly inadequate to state an Eighth Amendment claim. See White v. Colorado, 82 F.3d 364, 366-67 (10th Cir. 1996) (holding that delay in medical treatment does not constitute a constitutional violation unless it can be shown that the delay resulted in substantial harm); Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2008) (noting that "not every twinge of pain suffered as the result of delay in medical care is actionable"); Callahan v. Poppell, 471 F.3d 1155, 1160 (10th Cir. 2006) (right to particular course of medical treatment is not protected by the Eighth Amendment). Furthermore, plaintiff does not allege that any delay in treatment caused substantial harm. Accordingly, the court finds the claim against defendant Osagie should be dismissed.

**3. Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for

12

civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009). It "balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id. "Qualified immunity shields an officer from suit when [he] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [he] confronted." Brosseau v. Haugen, 543 U.S. 194, 198 (2004). "Because the focus is on whether the officer had fair notice that [his] conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." Id.

When a defendant raises a qualified immunity defense, the plaintiff "bears the burden of showing that: (1) the defendants' actions violated a constitutional or statutory right; and (2) the right was clearly established and reasonable persons in the defendants' position would have known their conduct violated that right." Cruz v. City of Laramie, Wyo., 239 F.3d 1183, 1187 (10th Cir. 2001).

Here, having found *supra* that plaintiff has failed to state a claim as against defendants Berkebile, Hall, and Osagie, the court finds that those defendants are entitled to qualified immunity in their individual capacities.

**4. Sovereign Immunity**

It is well established that the United States is immune from suit unless it has

13

consented to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980); see also United States v. $30,006.25 in United States Currency, 236 F.3d 610, 613 (10th Cir. 2000) (citing Mitchell, 445 U.S. at 538) (recognizing that a "waiver of sovereign immunity cannot be implied but must be unequivocally expressed"). Thus, federal employees, when sued in their official capacities, are immune from suit unless sovereign immunity has been waived. Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)); see also Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996). As is pertinent here, the United States has not waived its sovereign immunity for constitutional torts. See Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002) (doctrine of sovereign immunity precludes a Bivens action against the United States or its agents acting in their official capacities).

Accordingly, plaintiff's claims are barred to the extent they seek damages against defendants in their official capacities. Furthermore, as plaintiff is no longer in federal custody (see Docket No. 27), any claims for injunctive relief are moot. See Jordan v. Sosa, 654 F.3d 1012, 1024 (10th Cir. 2011).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 38) be **GRANTED** and plaintiff's Prisoner Complaint (Docket No. 1) be dismissed in its entirety.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

14

**and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: June 24, 2014　　　　　　　　　<u>s/ Michael J. Watanabe</u>
　　　　Denver, Colorado　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge