**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-02637-RM-MJW

JAVIER JOVEL a/k/a DAVID JOVEL AGUILAR,

    Plaintiff,

v.

D. BERKEBILE, Warden,
T. HALL, Assistant Warden,
F. CORDOVA, Chief Medical Staff, and
A. OSAGIE, Physician Assistant,

    Defendants.

---

**ORDER ON
"RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6) (Docket No. 38)"  (ECF No. 55)**

---

THIS MATTER is before the Court on Magistrate Judge Michael J. Watanabe's June 24, 2014, "Recommendation on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 38)" (the "Recommendation") (ECF No. 55), recommending that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") (ECF No. 38) be granted.  Plaintiff filed objections (the "Objection") (ECF No. 56) to the Recommendation, including contesting the failure to address his request for leave to amend should the Court find his allegations deficient, to which Defendants filed no response.  The Court has considered the Recommendation, Plaintiff's Objection, the Court file, the applicable rules and case law, and is otherwise fully advised.  Upon such considerations, the Court finds that leave to amend should be granted and, therefore, although it finds the Recommendation correctly determined the claims

are subject to dismissal, the Court grants Plaintiff an opportunity to amend his complaint as to some claims. On that basis, the Recommendation is accepted in part and rejected in part.

I.       FACTUAL ALLEGATIONS AND BACKGROUND

Plaintiff, then proceeding *pro se* and a federal inmate, filed his Prisoner Complaint (ECF No. 1) alleging Defendants are liable under the Eighth Amendment for their deliberate indifference to Plaintiff's serious medical needs. Plaintiff sought declaratory and injunctive relief, and compensatory and punitive damages. Since the filing of his Complaint, Plaintiff has been appointed counsel and released from federal custody.

The alleged events complained of occurred at the prison where Plaintiff was then incarcerated in Florence, Colorado. According to Plaintiff, Defendant Berkebile is the warden and "legally responsible for the welfare of all the inmates"; Defendant Hall is the assistant warden, "over medical," and "over[saw] the operation of healthcare services"; Defendant Cordova is the Chief Medical Staff; and Defendant Osagie is the physician assistant at the Florence prison. Plaintiff alleged Defendants failed to treat and unreasonably delayed providing medical treatment which resulted in the worsening of his medical problems and unreasonably inflicted unnecessary pain and suffering on him.

Construing Plaintiff's Complaint liberally, beginning on March 16, 2013, the left side of Plaintiff's face became numb. Plaintiff asked Defendant Osagie for medical aid but he refused. Over time, Plaintiff's condition became worse. The numbness turned into pain or "severe pain" and Plaintiff's vision in his left eye worsened. On April 24, 2013, Defendant Osagie saw Plaintiff, prescribed pain killers and eye drops, and said he would put Plaintiff on a list to see an eye doctor. On July 26, 2013, Plaintiff saw an eye doctor who prescribed glasses and some eye drops. The eye doctor also said he would have a regular doctor and Defendant Osagie check on

Plaintiff, but no one did. On July 30, 2013, Plaintiff stopped Defendant Osagie who said he would come back to check on Plaintiff's face but never did so. On August 15, 2013, Defendant Osagie checked on Plaintiff, whose face still hurt and vision was blurry sometimes, and prescribed more pain killers and eye drops. Plaintiff asserted that nothing was ever done to ease his pain.

Meanwhile, Plaintiff alleged he had talked to Defendant Cordova since April 24, 2013, and had written a letter on July 16, 2013, to him asking for compassion. On July 24, 2013,[1] Defendant Cordova came to see Plaintiff. By this time, Plaintiff's left eye was discharging a white liquid and the left side of his face was swollen. Defendant Cordova said he would send someone to see Plaintiff right away.

As to Defendant Berkebile, Plaintiff alleged that he talked to Defendant Berkebile, he wrote to him and asked for help, and his lawyers wrote to the "warden,"[2] but his "pleas, grievance and letters" were ignored. As to Defendant Hall, Plaintiff asserted that she became aware of Plaintiff's medical needs when he filed a grievance on March 18, 2013; since the beginning of April 2013, she would come see Plaintiff who told her that he was hurting, in pain, and in need of a physician; and that on July 20, 2103, he wrote to her to allow him to have medical treatment.

Defendants' Motion to Dismiss sought: (1) dismissal under Fed. R. Civ. P. 12(b)(1) of Defendant Cordova on the basis of lack of subject matter jurisdiction because he is a public health official; (2) dismissal under Fed. R. Civ. P. 12(b)(6) of Defendants Osagie, Berkebile, and Hall, in their individual capacities, for failure to state a claim and based on qualified immunity;

---

[1] It appears there is some uncertainty as to whether Plaintiff meant July 24, 2013. *See* Recommendation, page 2 n.1.
[2] The Complaint, including attachments, showed one letter addressed to "Robert Wiley, Warden" at Florence, but Defendant Berkebile was allegedly the warden at the time in issue. Nonetheless, the allegations are sufficient to infer that this letter was provided to the "warden," *i.e.,* Defendant Berkebile.

and (3) dismissal under Fed. R. Civ. P. 12(b)(1) of Defendants Osagie, Berkebile, and Hall, in their official capacities, as barred by sovereign immunity. In response, Plaintiff, through counsel, conceded Defendant Cordova is immune to suit as pled, but argued his claims were otherwise adequately pled. In addition, Plaintiff requested leave to amend should the Court find his allegations deficient, and leave to amend to assert a claim against Defendant Cordova under the Federal Tort Claims Act. Plaintiff has not previously amended his Complaint.

In reply, Defendants asserted, among other things, that Plaintiff's request for leave to amend should be denied. Defendants argued that good cause has not been shown as four months had passed between the date in which Plaintiff's counsel was served with the Motion to Dismiss and the time leave to amend was requested, and no such request was made at an April 22, 2014, status conference. Defendants did not argue that it would be futile to allow Plaintiff leave to amend.

The Magistrate Judge recommended Defendants' Motion to Dismiss be granted in its entirety but did not address Plaintiff's request for leave to amend. Plaintiff's Objection raises four points: (1) that leave to amend should be granted and the stay on discovery previously ordered should be lifted; (2) that he has adequately pled claims against Defendants Berkebile and Hall; (3) that he has adequately pled a claim against Defendant Osagie; and (4) that Defendants are not entitled to qualified immunity.

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

4

further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.*"* *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation and quotation omitted) (emphasis in original).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." *Khalik*, 671 F.3d at 1190 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*. Courts "may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Farrell-Cooper Mining Co. v. U.S. Dep't of the Interior*, 728 F.3d 1229, 1237 n.6. (10th Cir. 2013) (quotation marks and citation omitted).

Plaintiff was proceeding *pro se* at the time his Complaint was filed; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In addition, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[3] *Oxendine v. Kaplan,* 241 F.3d 1272,

---

[3] Pursuant to D.C.COLO.LCivR 7.1(d) "[a] motion shall not be included in a response or reply to [an] original motion. A motion shall be filed as a separate document." Here, Plaintiff failed to file a motion for leave to amend in a separate document and, accordingly, his request would ordinarily not be entertained. The Court, however, will consider Plaintiff's request under the facts and circumstances of this case, *e.g.*, Plaintiff filed his Complaint *pro se* in 2013, Plaintiff's court appointed counsel entered his appearance in this matter on February 18, 2014, and Plaintiff's Opposition to Defendants' Motion to Dismiss (containing the request to amend) was thereafter filed on May 23, 2014.

1275 (10th Cir. 2001) (quoting *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999)) (internal alterations omitted).

### III. ANALYSIS

#### A. Defendant Cordova's Immunity

The Magistrate Judge recommended Plaintiff's claims against Defendant Cordova, in his individual capacity, be dismissed because the Federal Torts Claims Act ("FTCA") is the exclusive remedy for claims against United States Public Health Officials acting within the scope of their employment. Plaintiff did not object to this recommendation. Finding no clear error on the record as to this Recommendation, Defendant Cordova, in his individual capacity, is therefore properly dismissed. However, Plaintiff seeks to amend the Complaint to allege a claim under the FTCA. Upon consideration of the facts and circumstances of this case, the Court finds leave to amend should be granted.

#### B. Sovereign Immunity

The Magistrate Judge recommended Plaintiff's claims against all Defendants in their official capacities be dismissed as barred by sovereign immunity to the extent Plaintiff seeks damages and moot as to any claims for injunctive relief as he is no longer in federal custody. Plaintiff also did not object to this recommendation. Again, finding no clear error on the record as to this Recommendation, all Defendants, in their official capacities, and any claims for injunctive relief are dismissed.

#### C. Failure to State a Claim

##### 1. Defendants Berkebile and Hall

The Magistrate Judge recommended Plaintiff's Eighth Amendment claims against Defendants Berkebile and Hall be dismissed for failure to sufficiently allege personal

participation and the subjective component of this claim, *i.e.,* factual allegations that link these Defendants' awareness of Plaintiff's medical condition to any delay or denial in medical treatment and factual allegations which support an inference that these Defendants knew about and disregarded a substantial risk of harm to Plaintiff's health and safety, respectively. In Plaintiff's Objection, he argues there are sufficient allegations that Defendants Berkebile and Hall were put on notice or knew of Plaintiff's medical condition and that he had not received care. In addition, Plaintiff contends his allegations are sufficient that these Defendants knew he faced a substantial risk of harm, that Plaintiff is not a physician, and specific information to support his case has been foreclosed in light of the stay of discovery. Upon review of the Complaint, including its attachments, the Court finds the allegations insufficient but, as set forth below, Plaintiff is granted leave to amend.

### a) Personal Participation

As to Defendant Berkebile, Plaintiff alleged he is the warden and legally responsible for the operation of the prison and the welfare of all inmates. In addition, Plaintiff wrote Defendant Berkebile stating he was having a hard time getting medical aid, and one of Plaintiff's attorneys wrote to the warden and advised Defendant Berkebile that Plaintiff was complaining of his medical condition and needed "proper treatment."[4] (ECF No. 1, pages 25, 47.) Defendant Berkebile allegedly ignored Plaintiff "pleas, letters and institutional protocol."

Similarly, as to Defendant Hall, Plaintiff alleged she is the assistant warden of the Florence prison and "over medical," "overseeing the operation of the healthcare services and the care provided by medical personnel." Plaintiff alleged that Defendant Hall was aware of Plaintiff's medical needs because he filed a grievance, she frequently asked if Plaintiff was still hurting, and he wrote to her and urged her to intervene in his care. Such allegations, however,

---

[4] Plaintiff also alleged that he talked to Defendant Berkebile, but there are no factual allegations as to what was said.

are insufficient to plead personal participation by Defendants Berkebile and Hall in the medical decisions of which Plaintiff complains.

In order to state a claim against Defendants Berkebile and Hall "it is not enough for a plaintiff merely to show defendant was in charge of other … actors who actually committed the violation." *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quotation marks and citation omitted). Instead, the plaintiff must first establish the supervisor's subordinates violated the Constitution. *Id.* Then, the plaintiff must show an "affirmative link" between the supervisor and the constitutional violation. *Id.* "The first aspect of the affirmative link is the supervisor's own conduct, that he actively participated or acquiesced in the constitutional violation." *Id.* at 1152 (quotation marks and citation omitted). This may be shown by "the supervisor's personal participation, his exercise of control or direction, or his failure to supervise," or his tacit authorization of the offending acts. *Id.* at 1152-53 (quotation marks and citations omitted). "In the end, however, supervisory liability must be based upon active unconstitutional behavior and more than a mere right to control employees." *Id.* at 1153 (quotation marks and citation omitted). Here, Plaintiff has failed to adequately allege an affirmative link between Defendants Berkebile and Hall and any alleged constitutional violation. As such, Plaintiff's claims against Defendants Berkebile and Hall, as alleged, may properly be dismissed. *See Arocho v. Nafziger*, 367 Fed. App'x 942, 956, 2010 WL 681679, at *11 (10th Cir. March 1, 2010) (Prisoner's allegations were insufficient where "[t]he complaint bespeaks nothing more than the warden's reasonable reliance on the judgment of prison medical staff, which *negates* rather than supports liability.") (emphasis in original).

### b. *Subjective Component*

The test for constitutional liability of prison officials for their alleged deliberate indifference to an inmate's serious medical needs in violation of the Eighth Amendment involves an objective and a subjective component. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). In order to state an Eighth Amendment claim on which relief may be granted involving allegations of delay in medical care, a plaintiff "must set forth facts demonstrating that his alleged medical need…was sufficiently serious to meet the objective element of the deliberate indifference test…and that the Defendants' delay in meeting that need caused him substantial harm." *Oxendine v. Kaplan,* 241 F.3d 1272, 1276-77 (10th Cir. 2001) (quotation marks and citation omitted); *Mata*, 427 F.3d at 751. "The subjective prong of the deliberate indifference test requires the plaintiff to present evidence of the prison official's culpable state of mind." *Mata*, 427 F.3d at 751 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The prong is met "if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he] must also draw the inference." *Id.* (quotation marks and citation omitted); *Oxendine*, 241 F.3d at 1277.

In this case, Plaintiff's allegations against Defendants Berkebile and Hall are insufficient to meet this standard. As to Defendant Berkebile, Plaintiff's conclusory allegation that he talked to Defendant Berkebile – without more – is insufficient to show deliberate indifference. The letters do not support a contrary conclusion. Similarly, as against Defendant Hall, Plaintiff alleged that, starting in April 2013, Defendant Hall asked about Plaintiff and whether he was "still hurting." Plaintiff told Defendant Hall he was in severe pain and needed to see a physician, and requested Defendant Hall to have someone take care of his medical needs. Defendant Hall

allegedly told Plaintiff that "these things take time." These general allegations are insufficient to support that Defendants Berkebile and Hall knew about any serious medical condition and disregarded an excessive risk to his health or safety.

Plaintiff argues it is sufficient that he described his condition, that it worsened, and that the "minimal care he did receive did not help." But, that is not the standard for alleged violations under the Eighth Amendment. Plaintiff is required to provide sufficient factual allegations to support an inference that these Defendants knew about *and* disregarded a substantial risk of harm to Plaintiffs' health and safety. *See Mata*, 427 F.3d at 752; *Sealock*, 218 F.3d at 1209. Nonetheless, Plaintiff has not previously amended his Complaint and seeks leave to amend, and Defendants have not argued that leave is futile. In light of these and other facts, and Plaintiff's *pro se* status when he filed his Complaint, the Court finds leave to amend is appropriate to afford Plaintiff an opportunity to provide additional allegations in support of his claims against Defendants Berkebile and Hall.

    **2. Defendant Osagie**

The Magistrate Judge recommended that Plaintiff's claim against Defendant Osagie be dismissed based on Plaintiff's failure to allege sufficient facts to establish the subjective component of an Eighth Amendment claim, *i.e.,* that Defendant Osagie recklessly disregarded any risk to Plaintiff, and to show that any delay in treatment caused substantial harm. In his Objection, Plaintiff argues that he has alleged facts of which he has knowledge, and has been foreclosed from discovery due to the stay. In addition, Plaintiff contends he told Defendant Osagie about his condition, but he did little to evaluate and treat those conditions and, instead, delayed in providing treatment.

An examination of Plaintiff's allegations shows that Plaintiff asked Defendant Osagie for medical aid and he provided medical aid, but Plaintiff asserts that aid was initially refused altogether, and any aid that was provided was insufficient or delayed. As such, the allegations appear to be nothing more than that of "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment[, which] does not state a constitutional violation." *Oxendine*, 241 F.3d at 1277 n.7 (quoting *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999)). That is not to say, however, that leave to amend should not be afforded.

"Where a prisoner claims that harm was caused by a delay in medical treatment, he must 'show that the delay resulted in substantial harm' in order to satisfy the objective prong of the deliberate indifference test. *Id.* [*Oxendine*, 241 F.3d at 1276] 'We have held that the substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain.' *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)." *Al- Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014). Similarly, "[a] prisoner may satisfy the subjective component by showing that defendants' delay in providing medical treatment caused either unnecessary pain or a worsening of [his] condition. Even a brief delay may be unconstitutional." *Mata,* 427 F.3d at 755. However, "not every twinge of pain suffered as a result of delay in medical care is actionable." *Sealock*, 218 F.3d at 1210 (discussing objective standard); *see Mata*, 427 F.3d at 755 (discussing cases in evaluating subjective standard). Here, Plaintiff alleged that, at times, the left side of his face was numb or swollen; he was in pain, "severe pain," or "hurt"; and the vision in his left eye was blurry. While such allegations are insufficient, being mindful that Plaintiff was proceeding *pro se*, the Court cannot say that it would be futile to allow Plaintiff leave to amend the Complaint.

### D. Qualified Immunity

Having found Plaintiff had failed to state a claim as against Defendants Berkebile, Hall, and Osagie, the Magistrate Judge concluded those Defendants are entitled to qualified immunity in their individual capacities and recommended granting Defendants' Motion to Dismiss on this basis as well. In light of the Court's determination that leave to amend is granted, this part of the Recommendation is rejected on that basis.

## IV. CONCLUSION

Based on the foregoing and a *de novo* review of the matter to which objections have been made, it is ORDERED[5] that

(1) Plaintiff's Objection (ECF No. 56) is OVERRULED except as to his objection to the failure to address or allow leave to amend;

(2) The Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 38) is GRANTED as follows:

    (i) GRANTED as to the *Bivens* claim against Defendant Cordova, but with leave to amend as set forth below;

    (ii) GRANTED as to Plaintiff's request for injunctive relief;

    (iii) GRANTED as to the claims against Defendants Berkebile, Hall, and Osagie in their official capacities; and

    (iv) GRANTED as to the claims against Defendants Berkebile, Hall, and Osagie in their individual capacities, but with leave for Plaintiff to amend as set forth below.

---

[5] Plaintiff also seeks to have the stay lifted in this case. The "Order on Defendant's Motion to Stay (Docket No. 30)" stayed this matter "pending resolution of the pending motion to dismiss." (ECF No. 41, page 4; *see* ECF No. 52.) The Motion to Dismiss has now been resolved.

The dismissals are without prejudice;

(3) Plaintiff is granted leave to amend his claims on or before August 18, 2015, as follows, but not for injunctive relief:

    (i) Against the United States/Defendant Cordova under the Federal Tort Claims Act; and

    (ii) Against Defendants Berkebile, Hall, and Osagie, in their individual capacities, for alleged violations of the Eighth Amendment; and

(4) The "Recommendation on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 38)" (ECF No. 55) is ACCEPTED IN PART and REJECTED IN PART as set forth herein, with the rejection based on the granting of Plaintiff's request for leave to amend.

DATED this 28th day of July, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge